STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. State Bar No.: 242101)
Public Corruption & Civil Rights Section
CAMERON L. SCHROEDER (Cal. State Bar No.: 255016)
Deputy Chief, General Crimes Section
Assistant United States Attorneys
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/0596
     Facsimile: (213) 894-6436
     E-mail:   mack.jenkins@usdoj.gov
               cameron.schroeder@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 11-1068-ODW-1 |
|---|---|
| Plaintiff, | SUPPLEMENT TO GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14 AND VERDICT FORM (COUNT 29); EXHIBITS |
| v. | |
| LUIS MANUEL TAPIA, | Trial Date:  September 2, 2014 |
| Defendant. | Trial Time:  9:00 a.m. |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins and Cameron L. Schroeder, hereby submits the enclosed supplement to its previous filings regarding jury instructions and verdict form in the

//

//

//

1

above case, to address issues raised during the trial of this matter.

Dated: September 10, 2014      Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


              /s/
_____
MACK E. JENKINS
CAMERON L. SCHROEDER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**I.    INTRODUCTION**

The parties have submitted disputed jury instructions and proposed verdict forms regarding Count 29 in this matter, which charges a violation of 21 U.S.C. § 848(a) with a specific Apprendi/Alleyne allegation that defendant was a principal administrator, organizer, supervisor, or leader, and that the enterprise involved the distribution or possession with intent to distribute of at least 1000 grams of methamphetamine, pursuant to 21 U.S.C. § 848(b) and (s).

**II.    ARGUMENT**

The government proposes the jury instruction attached as Exhibit A hereto, and the verdict form attached as Exhibit B hereto in order to be sure that the jury makes all of the necessary and appropriate findings regarding Count 29 of the Indictment in this matter.  As explained below, the government's proposed jury instruction accurately states the law and the findings necessary for conviction on this count; the government's proposed verdict form provides the appropriate mechanism to capture additional findings regarding sentencing enhancements.  The government believes that the defendant's proposed jury instruction and verdict form are both over- and under-inclusive in this regard, in that they require the jury to make findings not required by law, but fail to include the required Apprendi and Alleyne findings.

       1.    Findings Regarding Series of Three or More Violations

First, defendant's verdict form inaccurately addresses the "series" component of the definition of a Continuing Criminal Enterprise.  Because this is an element of the crime itself, not an enhancement, it is captured in the jury instructions for Count 29,

3

as is the case for all other elements of all other charged crimes. Defendant's proposed verdict form, however, requests that the jury not only re-state that it has in fact found what the jury instructions required it to find regarding the series of three or more violations (thus making the verdict form redundant[1]), but goes on to require that the jury check off which counts "constituted the series of 3 or more violations."  This limitation is not in accord with the plain language of the statute, which only requires that 1) defendant commit a felony drug offense and 2) that such a violation be part of a continuing series of such violations.  See 21 U.S.C. § 848(c) ("continuing criminal enterprise defined"); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1578 (9th Cir. 1989) ("this court has held that narcotics violations need not be expressly mentioned in an indictment before they can be considered by the jury to satisfy section 848's continuing series requirement") (citing United States v. Sterling, 742 F.2d 521, 526 (9th Cir. 1984)).  Thus, the government submits that the model instruction (modified for this case), requiring that that the jury unanimously find that defendant committed each of at least three violations, and that at least one charged offense was among them, properly sets forth the jury's task.[2]

---

[1] The government notes that for no other count is the jury asked to state in the verdict form that they in fact followed their instructions and found the requisite elements for the charged offense – indeed, such a requirement would be an aberration in this jurisdiction.  Juries are presumed to follow their instructions. Weeks v. Angelone, 528 U.S. 225, 234 (2000) (citing Richardson v. Marsh, 481 U.S. 200, 211 (1987)).

[2] The government notes that even this is a higher burden than the statute requires; in fact, no specific violation need be alleged in the indictment at all.  However, because several such violations have in fact been charged in this case, in order to simplify

*(footnote cont'd on next page)*

Defendant's proposed verdict form, by indicating that only charged offenses may constitute the series of three or more violations, is an inaccurate statement of the law and places a heavier burden on the government and the jury than is authorized by the statute.  However, in order to ensure a clear record, the government is amenable to including in the verdict form a listing of the charged offenses, in order to determine which of them were among the series of offenses agreed upon by the jury – as long as the instruction and form are clear that they are not limited to consideration of these counts to determine whether a "series" existed and that they are only requested to select at least one of the charged offenses.  The proposed form attached as Exhibit B reflects this modification and is consistent with the statute and caselaw.

2.    Instructions Regarding Number of "Supervisees"

Defendant suggests in various filings (including his proposed jury instructions and "Status Memorandum" filing) that the jury must be given a unanimity instruction regarding the identity of "supervisees,"[3] and must identify the persons it determines fall within that role on a special verdict form.  Neither of these requirements finds support in the law.

matters, the government has no objection to following the model instruction's structure.

[3] The government uses the term "supervisee" as a shorthand, but notes that the statute somewhat more broadly requires only that the violation be part of a series of violations which are undertaken by defendant "in concert with five or more other persons with respect to whom [defendant] occupies a position of organizer, a supervisory position, or any other position of management."  21 U.S.C. § 848(c).

The case defendant relies upon, United States v. Jerome, 942 F.2d 1328, 1330-1331 (9th Cir. 1991), does not apply to the instant proceedings.  In that case, the government specifically argued that the supervisees (who were named) included a number individuals who, by the nature of their relationship with the defendant, could not legally be considered as supervisees – as conceded by the government on appeal.  The court noted,

> The jury in this case was presented with a variety of persons that the prosecution told them could count in making up the five persons necessary to trigger the statute.  However, some of the people named by the prosecution could not have been organized by Jerome.  In such a case the court must give the jurors a specific unanimity instruction.

Id. (emphasis added).  The holding of Jerome is thus limited to similar factual scenarios where the jury has been given inaccurate information regarding which individuals can be considered supervisees.  Cf. United States v. Barona, 56 F.3d 1087, 1097 (9th Cir. 1995) ("The problem is that, among the list of people who the jury was told that it could choose, there existed individuals that the jury was not allowed to choose as a matter of law."); United States v. Delgado, 4 F.3d 780, 784 (9th Cir. 1993) (customers of customers as to whom there was "no evidence to support a finding that [defendant] occupied any kind of managerial role" were improperly presented to the jury by the government as persons who could count among the five persons); Ninth Circuit Model Criminal Jury Instruction No. 9.30, cmt. (discussing Jerome as a case in which "the jury was not properly instructed as to which of several persons could be included in the 'five or more' category").

Thus, the unanimity instruction suggested in Jerome is inapposite in the normal case, where inaccurate information has not

been presented to the jury.  In United States v. LeMaux, the Ninth Circuit specifically stated, "Though the holding in Jerome required a unanimity instruction for supervisees, it is expressly limited to a situation where some of the supervisees, presented as such by the government to the jury, could not legally have been supervisees. Each of those identified by the government as possible supervisees here were eligible...[Thus] Jerome has no application."  994 F.2d 684, 688-89 (9th Cir. 1991) (internal citation omitted.)  Similarly, in United States v. Garcia, the court found no specific unanimity instruction regarding supervisees was required, noting:

> In Jerome we [held that it was error not to give a unanimity instruction on the identity of supervisees] because the group of people presented to the jury included individuals who could not have been organized or managed by the defendant.  By contrast, evidence here would support a jury finding that defendant managed or supervised all of the individuals whom the government argued the defendant had managed or supervised.  Thus, the danger that existed in Jerome did not exist here; there was no possibility that jurors could have based their decision on a person who was not supervised by Garcia.

988 F.2d 965, 969 (9th Cir. 1993) (internal citation omitted).

The instant case is analogous to LeMaux and Garcia, not Jerome, as no suggestion has been or will be made that persons with whom defendant does not occupy the requisite managerial relationship can be counted among the supervisees.  To the contrary, the government requests that the Court specifically exclude from the jury's consideration any individuals who have been discussed who cannot legally be supervisees.  In addition, the managerial relationship language the government proposes in the jury instruction, which was lacking in the above cases following Jerome, but which could have obviated the unanimity instructions discussed therein, will ensure that the requisite relationship is established for each of the five

or more individuals.  Cf. Barona, 56 F.3d at 1097 ("The jury was not instructed...that individuals qualify as supervisees only if they were those over whom [defendants] exercised managerial responsibility.")

In light of the above, the government does not believe that it is necessary or appropriate to require the jurors to identify by name the persons they believe fit within the requisite management relationship on a special verdict form.  This would be particularly problematic in a case such as this where the jury has heard substantial evidence regarding the scope of defendant's enterprise and the likely number of individuals over whom he in fact exercises managerial responsibility, but where many of those individuals have not been identified by name.  Defendant's proposed verdict form would inaccurately lead the jury to believe that they could not count any individual they could not specifically identify.  Cf. Richardson v. United States, 526 U.S. 813, 829 (1999) (Kennedy, J., dissenting) ("With respect to the requirement of action in concert with five or more other persons, every Court of Appeals to have considered the issue has concluded that the element aims the statute at enterprises of a certain size, so the identity of the individual supervisees is irrelevant.") (citing, inter alia, Garcia, 988 F.2d at 969).

### 3.   Apprendi/Alleyne Findings

Finally, defendant's proposed verdict form is deficient for failing to include the necessary findings relating to sentencing.  Pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, __ U.S. __, 133 S.Ct. 2151 (2013), any fact that increases the statutory maximum or mandatory minimum sentence for a

crime is considered and element that must be submitted to and found by a jury.  Because 21 U.S.C. § 848(b) and (s) provide for such enhancements when a defendant is found to be a principal administrator, organizer, or leader of the enterprise and the violation involves at least 1000 grams of methamphetamine, these factors must be found by the jury in order to be applied at any sentencing.  The government believes they must therefore be reflected in the verdict form, just like similar sentencing factors based on findings of drug quantity where violations of 21 U.S.C. §§ 846 and 841 are alleged.

### 4.   Verdict Form Headers

In the government's proposed verdict forms, it included headers that expressly tracked the jury instructions with reference to the nature of certain charges.  For example, where, according to the jury instruction, the charge and evidence reflected that it was based on vicarious liability the header included the word "vicarious" to match the relevant instruction.  Similarly, where a possession charge, according to the jury instructions, was based not on direct but constructive possession, the header included the word "constructive" to match the relevant instruction.  In her status report, defense counsel claims that, in her personal experience, she has not seen the use of such words (like "vicarious") in verdict forms, thus it must be some violation of due process.  Defense counsel provides no case support nor even address whether, in her previous cases, this issue was actually ever raised.  Quite to the contrary, in each and every one of AUSA Jenkins' last three trials -- all dealing with racketeering enterprises, analogous to the CCE charged here -- the Courts in this district included such language.

9

See Exs. C-E (Filed Redacted Verdict Forms From Three Separate CDCA Trials That Include Multiple References to "Vicarious" and "Aiding and Abetting" In the Verdict Form Headers).

This is because, of course, the verdict forms, in order to aid the jury, should match the jury instructions and explicitly define for the jury what they must find.  Here for example, the government will allege as to several counts that -- consistent with the jury instructions referencing these counts – the government is pursuing an alternative theory of liability, namely constructive possession, vicarious liability, or aiding and abetting.  (See e.g., Counts 13, 15, 21, 24, 26.)  This is true for each of the counts where contraband was seized outside of defendant's direct presence. Providing the jury clear and correct statements of law that allow them to correctly and efficiently do their job is a function of the jury instruction and verdict form process, and far from a violation of due process.

**III. Conclusion**

For the foregoing reasons, the government requests that the Court include the proposed jury instruction attached as Exhibit A in its instructions to the jury in the trial of this matter, and include the pages attached as Exhibit B in the verdict form presented to the jury.

EXHIBIT B – VERDICT FORM COUNT 29

GOVERNMENT PROPOSED INSTRUCTION NO. 1

The defendant is charged in Count Twenty-Nine of the Indictment with engaging in a continuing criminal enterprise in violation of Section 848 of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed a at least one violation of Sections 841 and 846 of Title 21 of the United States Code as charged in Counts One, Three, Four, Six, Seven, Nine, Ten, Eleven, Fifteen, Twenty, or Twenty-One, of the Indictment;

Second, the violation or violations was orwere part of a series of three or more violations committed by the defendant over a definite period of time, with the jury unanimously finding that the defendant committed each of at least three such violations;

Third, the defendant committed the violations together with five or more other persons.  The government does not have to prove that all five or more of the other persons operated together at the same time, or that the defendant knew all of them;

Fourth, the defendant acted as an organizer, supervisor or manager of the five or more other persons; and

Fifth, the defendant obtained substantial income or resources from the violations.  "Income or resources" means receipts of money or property.

The terms "organizer," "supervisor," and "manager" should be given their usual and ordinary meanings as commonly understood by the public or business community.  In order to be deemed to act as an "organizer, supervisor, or manager," the defendant must have occupied

1

EXHIBIT B – VERDICT FORM COUNT 29

a position of management in relation to each of the five or more other persons.  Accordingly, the following persons cannot be considered as one of the five persons in determining whether defendant acted as an organizer, supervisor, or manager of five or more other persons: CHS-1 after s/he began working with the government as an informant on March 2, 2011; CHS-2; Michael Moreno; Sal Carillo; John Tanza (the "UC"); any individual over whom defendant did not have any managerial responsibility.  All other persons about whom you heard or saw evidence in the trial may be considered by you as one of the five persons, provided that you find the defendant exercised managerial responsibility over such a person as part of defendant's operation of his continuing criminal enterprise.  You need not know the actual name of the person to consider that person as one of the requisite five persons.

Ninth Circuit Model Criminal Jury Instructions, No. 9.30 [Controlled Substance-Continuing Criminal Enterprise] (modified to reflect indictment, to incorporate comment to instruction regarding definition of organizer or supervisor, and to identify persons who can and cannot legally be considered); United States v. Ray, 731 F.2d 1361, 1367 (9th Cir. 1984) ("organizer, supervisory position, and any other position of management" should be given their ordinary meaning).

2

EXHIBIT B – VERDICT FORM COUNT 29

**COUNT TWENTY-NINE**

**Continuing Criminal Enterprise, 21 U.S.C. § 848(a), (b), (s)**

1.    We, the Jury, unanimously find the defendant LUIS MANUEL TAPIA (*check one*):

\_\_\_\_\_    GUILTY

\_\_\_\_\_    NOT GUILTY

as charged in Count Twenty-Nine of the Indictment.


*(If the response to Question 1 is Guilty, you must also answer Questions 2, 3, and 4.  If the response to Question 1 is Not Guilty, please proceed to the signature block, below.)*


2.    We, the Jury, further unanimously find that the offense or offenses charged in the count or counts checked below was or were part of the series of violations committed by defendant during the course of the offense (*check any and all that apply*):

Count One          \_\_\_\_

Count Three        \_\_\_\_

Count Four         \_\_\_\_

Count Six          \_\_\_\_

Count Seven        \_\_\_\_

Count Nine         \_\_\_\_

Count Ten          \_\_\_\_

Count Eleven       \_\_\_\_

Count Fifteen      \_\_\_\_

Count Twenty       \_\_\_\_

Count Twenty-One   \_\_\_\_

3

EXHIBIT B – VERDICT FORM COUNT 29

3.    We, the Jury, having found defendant LUIS MANUEL TAPIA guilty of Count Twenty-Nine of the Indictment, further unanimously find that defendant was a principal administrator, an organizer, or a leader of the criminal enterprise:

Yes ____   No ____

4.    We, the Jury, having found defendant LUIS MANUEL TAPIA guilty of Count Twenty-Nine of the Indictment, further unanimously find that, over the life of this offense, it involved following amount of "pure or actual" methamphetamine (*check one*):

____   at least 1000 grams

____   less than 1000 grams

4