# United States District Court
# Central District of California

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | Docket No. | **CR 11-01068-ODW-1** |

**Defendant**  Luis Manuel Tapia

Social Security No.  9  8  0  9

akas:  Tapia, Luis Manuel, Also Known As: Tapia, Luis Ma uel, Moniker: "Taps", Moniker: "LT", Moniker: "Bizee"

(Last 4 digits)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | April | 27 | 2015 |

**COUNSEL**  **Marilyn E Bednarski, panel**
(Name of Counsel)

**PLEA**  ☐ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  ☐ **NOLO CONTENDERE**  ☐ **NOT GUILTY**

**FINDING**  There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
**Count 2**:18:371: CONSPIRACY TO ENGAGE IN THE BUSINESS OF DEALING IN FIREARMS WITHOUT A LICENSE; **Count 3**:21:841(a)(1),(b)(1)(A(viii): POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF HEROIN, METHAMPHETAMINE, AND COCAINE; **Count 4**: 21:841(a)(1),(b)(1)(C): POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF HEROIN, METHAMPHETAMINE, AND COCAINE; **Counts 5 ,8,13,14, 16,17, 19, 25, 27** :18:922(g)(1): FELON IN POSSESSION OF A FIREARM; **Count 6**:21:841(a)(1),(b)(1)(B)(viii): POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF HEROIN, METHAMPHETAMINE, AND COCAINE; **Count 7**:21:841(a)(1),(b)(1)(C): POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF HEROIN, METHAMPHETAMINE, AND COCAINE; **Count 9**:21:841(a)(1),(b)(1)(A)(i): POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF HEROIN, METHAMPHETAMINE, AND COCAINE; **Count 10**:21:841(a)(1),(b)(1)(A)(viii): POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF HEROIN, METHAMPHETAMINE, AND COCAINE;
**Count 11:**21:841(a)(1),(b)(1)(B)(ii): POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF HEROIN, METHAMPHETAMINE, AND COCAINE; **Count 12**:18:924(c)(1)(A): USE AND CARRY A FIREARM DURING AND IN RELATION TO, AND POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME; **Count 15**: 21:841(a)(1),(b)(1)(B)(viii): POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF HEROIN, METHAMPHETAMINE, AND COCAINE; **Count 18**:26:5861(e): ILLEGAL TRANSFER OF A FIREARM; **Counts 20, 21**: 21:841(a)(1),(b)(1)(A)(viii): POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF HEROIN, METHAMPHETAMINE, AND COCAINE; **Count 24**:18:924(c)(1)(A): USE AND CARRY A FIREARM DURING AND IN RELATION TO, AND POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME; **Count 26:** 18:924(c)(1)(A): USE AND CARRY A FIREARM DURING AND IN RELATION TO, AND POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME; **Count 29**: 21:848(a),(b),(s): CONTINUING CRIMINAL ENTERPRISE

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

**Life plus 55 years on Counts 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 24, 25, 26, 27, and 29 of the Indictment**.

. This term consists of the following:

Life on each of Counts 3, 6, 9, 10, 11, 15, 20, 21, and 29, 60 months on Count

2, 360 months on each of Counts 4 and 7, and 120 months on each of Counts 5, 8,

13, 14, 16, 17, 18, 19, 25, and 27, all such terms to be served concurrently,

60 months on Count 12, to be served consecutively to Counts 2, 3, 4, 5, 6, 7, 8,

9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 25, 27, and 29,

300 months on Count 24, to be served consecutively to Counts 2, 3, 4, 5, 6, 7, 8,

9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 25, 27, and 29, and

300 months on Count 26, to be served consecutively to Counts 2, 3, 4, 5, 6, 7, 8,

9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 24, 25, 27, and 29.


If released from imprisonment, the defendant shall be placed on supervised release for a

term of 10 years. This term consists of 10 years on each of Counts 3, 9, 10, 20, and 21,

3 years on each of Counts 2, 5, 8, 13, 14, 16, 17, 18, 19, 25, and 27, 6 years on each of

Counts 4 and 7, 8 years on each of Counts 6, 11, and 15, 5 years on Counts 12, 24, 26,

and 29, all such terms to run concurrently under the following terms and conditions:


1. The defendant shall comply with the rules and regulations of the United

States Probation Office and General Order 05-02.


2. The defendant shall refrain from any unlawful use of a controlled

substance. The defendant shall submit to one drug test within 15 days of

release from imprisonment and at least two periodic drug tests thereafter,

not to exceed eight tests per month, as directed by the Probation Officer.


3. The defendant shall participate in an outpatient substance abuse treatment

and counseling program that includes urinalysis, breath and/or sweat patch

testing, as directed by the Probation Officer. The defendant shall abstain

from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug and alcohol dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer.

5. During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

6. The defendant shall cooperate in the collection of a DNA sample from himself.

7. The defendant shall not associate with anyone known to him to be a Colonia Chiques gang member and/or Mexican Mafia gang member and others known to him to be participants in the Colonia Chiques and Mexican Mafia gang's criminal activities, with the exception of his family members. He may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, vests, or any other clothing that defendant knows evidence affiliation with the Colonia Chiques gang and Mexican Mafia gang, and may not display any signs or gestures that defendant knows evidence affiliation with the Colonia Chiques gang and Mexican Mafia gang.

8. As directed by the Probation Officer, the defendant shall not be present in any area known to him to be a location where members of the Colonia Chiques and/or Mexican Mafia gang meet and/or assemble.

It is ordered that the defendant shall pay to the United States a special assessment of $2,500, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

**The Court recommends the defendant to be housed in a California facility.**

**The Court recommends defendant to participate in the 5–hour RDAP**.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report without the consent of this Court.

Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider --

1. The nature and circumstances of the offense and the history and characteristics of

| USA vs. Luis Manuel Tapia | Docket No.: CR 11-01068-ODW-1 |
|---|---|

the defendant;

2. The need for the sentence imposed --

a. To reflect the seriousness of the offense; to promote respect for the law, and

to provide just punishment for the offense;

b. To afford adequate deterrence to criminal conduct;

c. To protect the public from further crimes of the defendant; and

d. To provide the defendant with needed correctional treatment in the most effective manner.

3. The kinds of sentences available;

4. The guideline sentencing range;

5. The need to avoid unwarranted sentence disparities among defendants with similar

records who have been found guilty of similar conduct

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| April 27, 2015 | | |
|---|---|---|
| Date | | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| April 27, 2015 | By | S. English /s/ |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;

2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. the defendant shall support his or her dependents and meet other family responsibilities;

6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;

15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;

16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;

2. Restitution, in this sequence:

    Private victims (individual and corporate),

    Providers of compensation to private victims,

    The United States as victim;

3. Fine;

4. Community restitution, pursuant to 18 U.S.C. §3663(c); and

5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____

| USA vs. Luis Manuel Tapia | Docket No.: CR 11-01068-ODW-1 |

at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

| Date | Deputy Marshal |

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

| Filed Date | Deputy Clerk |

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____

| Defendant | Date |

USA vs. Luis Manuel Tapia     Docket No.: CR 11-01068-ODW-1

_____     _____
U. S. Probation Officer/Designated Witness     Date