JEREMY GORDON
1848 Lone Star Road, Suite 106
Mansfield, Texas 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
*Attorney Pro Hac Vice for Luis Manuel Tapia*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LUIS MANUEL TAPIA,<br><br>    Defendant/Movant. | Case No.: 2:11-cr-1068-ODW<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Luis Manuel Tapia ("Tapia"), by and through the undersigned counsel, respectfully submits this Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. In support thereof, Tapia offers the following:

## I. BACKGROUND

On November 8, 2011, a federal grand jury sitting in the Central District of California returned a 29-count Indictment against Tapia and several codefendants. Count 1 charged Tapia with Conspiracy to Possess with Intent to Distribute Heroin, Methamphetamine and Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); Count 2 charged Conspiracy to Engage in the Business of Dealing in Firearms

without a License, in violation of 18 U.S.C. § 371; Counts 3, 9, 10, 20 and 21

charged Tapia with Possession with Intent to Distribute Heroin,

Methamphetamine and Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(A); Counts 4 and 7 charged Tapia with Possession with Intent to

Distribute and Distribution of Cocaine or Heroin, in violation of 21 U.S.C. §§

841(a)(1) and 841(b)(1)(C); Counts 5, 8, 13, 14, 16, 17, 19, 25 and 27 charged Tapia

with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1);

Counts 6, 11 and 15 charged Possession with Intent to Distribute

Methamphetamine or Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B); Counts 12, 24 and 26 charged Use and Carry of a Firearm During and

in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A);

Count 18 charged Illegal Transfer of a Firearm, in violation of 26 U.S.C. § 5861(e);

and Count 29 charged Continuing a Criminal Enterprise, in violation of 21 U.S.C.

§§ 848(a), (b), and (s). (Docket Entry "DE" 34).

On November 18, 2011, the Government submitted an Information pursuant

to 21 U.S.C. § 851 alleging Tapia had two prior convictions for felony drug offenses.

(DE 50). The filing of the § 851 enhancement raised Tapia's mandatory minimum

sentence for Counts 1, 3, 9, 10, 20 and 21 to a term of life imprisonment. No

response or denial to the § 851 allegation was submitted.

Tapia proceeded to trial on September 2, 2014. On September 12, 2014, the

jury found Tapia guilty on all charges of the Indictment. (DE 283). The Court then

ordered Probation to prepare the Presentence Investigation Report ("PSR"). Based

upon a total offense level of 44 and a criminal history category of VI, the PSR found

Tapia's Guideline range to be life imprisonment plus 55 years consecutive. (PSR ¶

131). Counts 1, 3, 9, 10, 20, 21 and 29 each mandated a statutory sentence of life

imprisonment.

Prior to sentencing, Tapia submitted his Sentencing Position and Objections

to the Presentence Report. (DE 315). Tapia, through counsel, urged the Court to

disregard the mandatory minimum term of life imprisonment required by statute,

and recommended a sentence of 15 years instead. *Id*. Tapia further moved for

dismissal of Count 1 as duplicitous given it was a lesser included offense of the

continuing criminal enterprise charged in Count 29. In response, the Government

concurred that Count 1 should be dismissed, but maintained that the Court was

bound by statute to sentence Tapia to life imprisonment. (DE 317).

Tapia appeared for sentencing on April 27, 2015. The parties agreed that

Tapia's Guideline range of life imprisonment was correctly calculated by the PSR.

(DE 349 at 7). The Court then proceeded to vacate Tapia's conviction on Count 1. *Id*.

at 8. The Court next turned to Tapia's argument that a statutory life sentence

violates the Eighth Amendment of the U.S. Constitution. After hearing the parties'

arguments, the Court concluded:

THE COURT:        All right. Well, I'm not certain that I would even
                  have the authority; that when Congress sets forth a
                  sentencing scheme and imposes certain mandatory
                  minimums, that I'm not certain that I can just
                  simply ignore those. I did once and I got spanked,
                  and I haven't done it since. I simply do not have the

authority to disregard mandatory sentences that
have been handed down by Congress.

(DE 349 at 20-21).

After hearing allocution from the parties, the Court proceeded to sentence Tapia to a term of life imprisonment plus a mandatory consecutive term of 55 years. *Id.* at 33. The term consisted of life on each of Counts 3, 6, 9, 10, 11, 15, 20, 21 and 29; 60 months on Count 2; 360 months on each of Counts 4 and 7; and 120 months on Counts 5, 8, 13, 14, 16-19, 25 and 27, all to be served concurrently; 60 months on Count 12, to be served consecutively; 300 months on Count 24, to be served consecutively; and 300 months on Count 26, to be served consecutively. (DE 322). Tapia filed his notice of appeal to the U.S. Court of Appeals for the Ninth Circuit on May 8, 2015. (DE 331).

On appeal, Tapia argued that 1) the Court's failure to exclude gang evidence under Federal Rules of Evidence 402 and 403 denied Tapia a fair trial; 2) the Court's failure to exclude inflammatory statements under Rules 402 and 403 denied Tapia a fair trial; 3) the Court denied Tapia a fair trial when it refused to compel the attendance of CHS-1 as a defense witness. On May 30, 2017, the Ninth Circuit entered its Memorandum Opinion affirming Tapia's conviction. *United States v. Tapia*, 691 Fed. Appx. 499 (9th Cir. 2017). Tapia sought rehearing which was denied on August 17, 2017. Finally, Tapia sought *certiorari* from the Supreme Court which was denied on January 8, 2018. *Tapia v. United States*, 138 S.Ct. 692 (2018).

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 4

This Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 follows.

## II. TIMELINESS

Tapia's judgment of conviction became final on January 8, 2018, the date the Supreme Court denied Tapia's petition for writ of *certiorari*. Accordingly, this motion is timely pursuant to 28 U.S.C. § 2255(f)(1) if filed on or before January 8, 2019.

## III. STANDARD OF REVIEW

Claims of ineffective assistance of counsel are governed by the familiar two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, Tapia must show that his counsel's performance was both objectively unreasonable and prejudicial. *Id*. at 687-88. Tapia can satisfy the first prong by demonstrating that his counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. The second prong can be satisfied by demonstratin that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*; *see also United States v. Rodriguez-Vega,* 797 F.3d 781, 786 (9th Cir. 2015).

Defendants also have the right to effective assistance of counsel in connection with the entry of a guilty plea. *Lafler v. Cooper*, 566 U.S. 156 (2012). This right extends to situations where a defendant rejects a plea offer due to misadvice from counsel. *Id*. As the Court held in *Lafler*:

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 5

> If a plea bargain has been offered, a defendant has the right to
> effective assistance of counsel in considering whether to accept it. If
> that right is denied, prejudice can be shown if loss of the plea
> opportunity led to a trial resulting in a conviction on more serious
> charges or the imposition of a more severe sentence.

*Lafler*, 566 U.S. at 168. Under *Lafler*, a petitioner is required to prove that he was

prejudiced by showing that "the outcome of the plea process would have been

different with competent advice." *Id.* at 164. Specifically, he must prove "that but

for the ineffective advice of counsel there is a reasonable probability that the plea

offer would have been presented to the court (i.e., that the defendant would have

accepted the plea and the prosecution would not have withdrawn it in light of

intervening circumstances), that the court would have accepted its terms, and that

the conviction or sentence, or both, under the offer's terms would have been less

severe than under the judgment and sentence that in fact were imposed." *Id.*

## IV. ARGUMENT

    (a)    <u>Counsel Was Ineffective For Failing To Properly Advise Tapia
Regarding The Enhanced Penalties Under 21 U.S.C. §§ 841 and 851;
But For Counsel's Misadvice, Tapia Would Have Accepted The
Government's Plea Offer</u>

Tapia alleges that defense counsel was ineffective for failing to advise Tapia

of the mandatory consequences related to the Government's filing of the

Information pursuant to 21 U.S.C. § 851. Because of counsel's failures, Tapia

rejected the Government's plea offer and proceeded to trial which ultimately

resulted in life plus 55 consecutive years of confinement. But for counsel's

ineffectiveness, Tapia would have accepted the Government's plea offer and there is a reasonable probability that Tapia would have received a lesser sentence.

Tapia was charged with one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and five counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(A). Each count carried a statutory range of imprisonment of ten years to life. However, on November 18, 2011, the Government filed its Information pursuant to 21 U.S.C. § 851 alleging that Tapia had two prior convictions for felony drug offenses. (DE 50). As a result of the uncontested Information, Tapia's statutory minimum sentence was raised to life imprisonment on Counts 1, 3, 9, 10, 20 and 21. Tapia also faced a mandatory life sentence on Count 29 for continuing criminal enterprise, in violation of 21 U.S.C. § 848(a), (b) and (s).

After the filing of the § 851 notice, Tapia alleges that counsel failed to discuss with him the fact that a single conviction on any of the aforementioned counts would result in a mandatory life sentence. Even after being convicted at trial, Tapia proceeded to sentencing under the erroneous impression that the Court may disregard the statutory minimum and give Tapia a lesser sentence. This misadvice resulted in Tapia rejecting the Government's plea offer and proceeding to trial.

"[I]t is the responsibility of defense counsel to inform a defendant of the advantages and disadvantages of a plea agreement[.]" *Libretti v. United States*, 516

U.S. 29, 50-51 (1995). "Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel[.]" *Padilla v. Kentucky*, 599 U.S. 356, 364 (2010); *see also Lafler v. Cooper*, 566 U.S. 156, 162 (2012) ("During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'"). Further, "[a] failure by counsel to provide advice may form the basis of a claim of ineffective assistance of counsel[.]" *Libretti*, 516 U.S. at 51. (*quoting United States v. Broce*, 488 U.S. 563, 574 (1989)).

Here, counsel's failure to advise Tapia of the mandatory consequences of the Government's § 851 Information constitutes ineffective assistance of counsel. "[W]here the issue is whether to advise the client to plead or not 'the attorney has the duty to advise the defendant of the available options and possible consequences' and failure to do so constitutes ineffective assistance of counsel." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting *Beckman v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981)).

Moreover, Tapia avers that counsel's failure to advise him of the mandatory consequences of the § 851 enhancement resulted in Tapia rejecting the Government's plea offer. (Decl. of Tapia ¶ 7)[1]. According to Tapia, he was aware of the Government's filing of the § 851 notice; however, Tapia was not advised by defense counsel as to exactly how the enhancements would affect his sentence.

---

[1]    Attached is an unsigned declaration from Tapia. A signed declaration will be submitted to the Court forthwith.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 - 8

(Decl. of Tapia ¶ 3). Tapia does not recall any advice nor discussion with his

attorney regarding the mandatory life sentence resulting from the § 851 notice.

(Decl. of Tapia ¶ 4). Because Tapia was of the belief that the Court could give a

lesser sentence, Tapia rejected what he recalls to be a formal plea offer for 22 years

imprisonment. (Decl. of Tapia ¶ 5). Further, Tapia avers that had he been

adequately advised by counsel that a single conviction on any of the one 21 U.S.C. §

841(b)(1)(A) counts would have resulted in a mandatory life sentence from which

the Court could not depart, he would have accepted the Government's plea offer

rather than proceeding to trial. (Decl. of Tapia ¶ 6-7).

Additionally, the record does not contradict Tapia's § 2255 claim of

ineffective assistance of counsel. Indeed, prior to sentencing counsel filed a

sentencing memorandum requesting the Court to disregard the § 851 mandatory

life sentence enhancement and sentence Tapia to 15 years. (DE 315). Counsel

continued this argument throughout sentencing, even after being advised by the

Court that the Court "simply do[es] not have the authority to disregard mandatory

sentences that have been handed down by Congress." (DE 349 at 20-21).

Accordingly, Tapia has established that counsel was ineffective by failing to

advise Tapia regarding the mandatory consequences of the Government's filing of

the § 851 Information. Because Tapia was ill-advised, he rejected the Government's

plea offer of 22 years believing the Court could depart further than that at

sentencing. Unfortunately, the Court could not and Tapia was sentenced to life

plus 55 years imprisonment. Finally, Tapia has averred that but for counsel's

failures, he would have accepted the Government's plea offer rather than proceeding to trial. As such, the remedy is to vacate Tapia's convictions and require the Government to reinstate its original plea offer. *Blaylock*, 20 F.3d at 1569.

## V. EVIDENTIARY HEARING

Under section 2255, the Court shall grant an evidentiary hearing on Tapia's claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The record in this case does not conclusively refute Tapia's allegations of ineffective assistance of counsel. Accordingly, the Court should schedule this matter for an evidentiary hearing.

## VI. CONCLUSION

Based on the foregoing, the Court should grant Tapia § 2255 relief and allow him to plead anew to the plea offer the Government original offered Tapia.

Date: January 4, 2019

Respectfully submitted,

By:    /s/ Jeremy Gordon
Jeremy Gordon, Esq.

*Counsel Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was duly filed
on all counsel of record via the Court's CM/ECF system this 4th day of January
2019.


/s/ Jeremy Gordon