DECLARATION OF BRIAN A. NEWMAN

I, Brian A. Newman, declare as follows:

1.    I am an attorney licensed to practice law before the state and federal courts in California, and have been so admitted since 1979.  I have been on the Federal Indigent Defense Panel since 1986.  I make this declaration in support of the Government's Opposition to Defendant Luis Tapia's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

2.    I was Luis Tapia's counsel of record in the matter of United States v. Luis Tapia, et al., No. CR 11-1068-ODW from October 26, 2011 to August 12, 2013.  In that capacity, I represented Mr. Tapia in connection with his pretrial proceedings and initial plea negotiations with the government.  On August 12, 2013, I was replaced as attorney of record for Mr. Tapia by Marilyn Bednarski.

3.    While representing Mr. Tapia, I met with him several times, and also communicated with him via letter and telephone.  During my representation, the government extended two plea offers.  I discussed both of those offers with Mr. Tapia, and discussed with him the risks and consequences of proceeding to trial instead of accepting the government's offers.

4.    As an experienced member of the Federal Indigent Defense Panel, I am well aware of the effect of the two-count Information filed by the government pursuant to 21 U.S.C. § 851 in this matter.  In particular, I am aware that if coupled with conviction on any of several charges in the Indictment in this matter, that Information would result in a mandatory minimum sentence of life imprisonment.  Similarly, I am familiar with the Continuing Criminal Enterprise charge under 21 U.S.C. § 848, and in particular was aware that as

charged by the government in this case, that charge would also require a mandatory sentence of life imprisonment upon conviction.

5.    On February 9, 2012, the government extended its first plea offer. The email accompanying that offer explicitly pointed out that, without the plea agreement, Mr. Tapia "faces a mandatory minimum sentence of life imprisonment on two fronts based off of (i) the Continuing Criminal Enterprise charge (21 USC 848(b),(s)) and/or (ii) the two 851 enhancements that we filed." I discussed that offer with Mr. Tapia, including the consequences of rejecting it, as identified in the government's email. Mr. Tapia declined to accept the offer presented.

6.    On June 10, 2013, after I met with the government to discuss possible revisions to the plea offer, the government extended a second plea offer to Mr. Tapia. In the accompanying email, the government again pointed out that its offer included an agreement by the government to "dismiss all remaining counts that would otherwise mandate a *life* sentence" (emphasis in original). Again, I discussed this plea offer and the potential consequences of rejecting it with Mr. Tapia. Specifically, as I noted in my billing submissions regarding this case, on July 24, 2013, I met with Mr. Tapia for approximately 2.5 hours, during which we went over the second plea offer and reviewed discovery Mr. Tapia had wanted to discuss. Mr. Tapia again did not accept the government's plea offer.

7.    After this meeting, it appearing that Mr. Tapia and I were in conflict over the best way to proceed, I filed a motion to be relieved as counsel. That motion was granted on August 12, 2013, and Marilyn Bednarski was appointed to represent Mr. Tapia thereafter.

8.    Given that the government's plea offers included a requirement that defendant admit to one of the two counts in the Information filed pursuant to 21 U.S.C. § 851 in addition to pleading guilty to Count One of the Indictment, and an accompanying agreement that the government would dismiss the remaining counts in the Indictment and 851 Information, I would not have failed to point out to defendant that rejecting those offers and proceeding to trial could result in exactly the outcome that resulted in this case. Specifically, I would not have failed to advise Mr. Tapia that proceeding to trial could result in convictions that, combined with both counts in the Information, would, as the government twice explicitly noted in emails to me, result in a mandatory life sentence, which the Court would have no discretion to alter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on May 17, 2019.

_____
BRIAN A. NEWMAN, ESQ.

3