# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge  Otis D. Wright, II

From: S. English _____, Deputy Clerk   Date Received: October 27, 2020

Case No.: CR 11-01068-ODW-1 _____   Case Title: Luis Manuel Tapia

Document Entitled: MOTION NEW TRIAL AFFIDAVIT _____

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

|  |  |  |
|---|---|---|
| ☐ | Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ | Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ | Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ | Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ | Local Rule 11-3.1 | Document not legible |
| ☐ | Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ | Local Rule 11-4.1 | No copy provided for judge |
| ☐ | Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ | Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ | Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ | Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ | Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ | Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ | Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☑ | Local Rule 83-2.5 | No letters to the judge |
| ☐ | Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☑ | Other: | ALL correspondence must be e-filed by your appointed counsel until you file the correct paperwork to represent yourself. |

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐   The document is to be filed and processed.  The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk.  Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____   _____
Date                             U.S. District Judge / U.S. Magistrate Judge

☑   The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.*  Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

November 2, 2020 _____   _____
Date                             U.S. District Judge / U.S. Magistrate Judge

* The term "counsel" as used herein also includes any pro se party.  See Local Rule 1-3.

| COPY 1 -ORIGINAL-OFFICE | COPY 2 -JUDGE | COPY 3 -SIGNED & RETURNED TO FILER | COPY 4 -FILER RECEIPT |
|---|---|---|---|

CV-104A (06/13)                    NOTICE OF DOCUMENT DISCREPANCIES

Luis Tapia
U.S.P. Beaumont
PO Box 26030
Beaumont, Tx
77720

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

## Criminal NO. CR-11-01068

---

Luis Manuel Tapia,
                    Defendant/Movant

- VS-

United States of America,
                    Plaintiff/ Respondent

---

Defendant's Motion For A New Trial Pursuant to F.R.Cr.P. 33 And Memorandum of facts and Law in Support of Motion FOR NEW TRIAL

---

PRO SE

Luis Manuel Tapia
USP Beaumont
P.o. BOX 26030
Beaumont, TX 77720

# INTRODUCTION

The Defendant, MR. Luis Manual Tapia, [herein after "Movant"] pro se respectfully Moves this Court for a New trial pursuant to F.R.C.P. 33 on the basis of two distinct stand alone issues and the cumulative effect of these issues.

In summary of those issues: The United States Supreme Court in Rehaif v. United States, 139 S. Ct. 2191 (2019) establish plain error in the trial that affected Movant's substantial rights i.e., Movant was placed on trial for 8 Counts of violating 18 U.S.C. section 922(g) without a valid indictment thus, in violation of due process and without jurisdiction. The government was not subjected to its burden of proof and the Jury was not properly instructed to all elements of a actual Crime against the United States under 18 U.S.C. section 922(g). Therefore, the Judgment on the 8 Counts of violating section 922(g) Must be vacated as a Matter of Law. Most importantly, the evidence introduce in violation of due process prejudiced Movant and affected his substantial rights on other significant Counts. Therefore, the entire Judgment Must be voided and Movant granted a New trial on all Counts, presumably Movant is named in a valid indictment charging an offense under section 922(g). Issue one.

As to Issue two (2): Movant has diligently obtained newly discovered evidence of prosecutorial Misconduct. i.e., the government withheld exculpatory evidence and

1

failed to correct known false testimony at trial. Most importantly had the evidence been properly produced and the untruthful testimony been corrected, under the totality of the circumstances and/or evidence, there is a reasonable probability the outcome of the trial would have been changed. Issue two.

Of no less importance, the combination of introduction of unauthorized prejudical evidence on the basis of a Non-Crime against the government and the government withholding material evidence and failing to correct untrue testimony further warrants granting Movant a New trial. Finally, there can be no procedural restraints here because a claim of lack of Jurisdiction can be raised at any time. thus, procedural rules of Court must yield. In other words, Movant stands imprisoned without subject matter Jurisdiction of a crime against the United States being committed and unauthorized evidence affected the entire trial process. therefore, the Judgment must be voided as a Matter of law.

## STATEMENT OF JURISDICTION

This Court has Jurisdiction over this Matter pursuant to 18 U.S.C. section 3231 and federal rules of Criminal Procedure 33.

2

## STATEMENT OF THE CASE

The indictment in this Case filed on November 08, 2011 CR.1[1] Charged Movant with Multiple violations under Title 21 of the U.S. Code i.e., 21 U.S.C. sections 841, 846 and 848. In particular; Conspiracy to possess with intent to distribute Narcotics section 846 Count one; Ten (10) Counts of possession with intent to distribute Narcotics Section 841 Counts 3, 4, 6, 7, 9, 10, 11, 15, 20 and 21; and one Count of operating a Countinuing enterprise in violation of section 848 Count 29. Also at relevant relevant part Movant was also Charged with Numerous violations under Title 18 of the U.S. Criminal Code, relating to firearms i.e., 8 Counts of Violating Section 922(g) Counts: 5, 8, 13, 14, 16, 19, 25 and 27; Three Counts of Violating Section 924(c) "Use and Carrying firearms in relation to drug Crimes" Counts 12, 24, and 26; And Finally a Violation of Section 371 "unauthorized dealing in firearms" Count 2.

In summary of Sentencing Movant was sentenced to 6 Mandatory life sentences on the title 21 violations [Count one was dismissed as repetative at Sentencing]. 120 months on each 922(g) violation to run Concurrently with each other and all other Counts. As to the section

---

[1] CR references docket entries in the Criminal proceedings while # references the # assigned to the document.

924(c) Counts, Movant was sentenced to 60 months on Count 12, 300 Months on Counts 24 and 26 to run Consective to each other and all other Counts. Finally Movant was sentenced to 60 months on the Violation of Section 371 to run Concurrently with all other Counts. In aggregated total Movant was sentenced to 6 mand-atory Life Sentences plus 55 years.

Movant appealed his Conviction and Sentence, See appeal NO. 15-50217, but the Court of Appeals affirmed the Conviction and Sentence. — Movant recently filed a Motion to recall the Mandate on the same grounds here out of abundance of Caution to avoid procedural hazards; Movant filed a Section 2255 Which this Court denied, a CoA Application is Currently, ponding. Finally Movant Comes here and Moves this Court for a New trial under F.R.C.P. 33 on the basis of <u>Rehaif</u> and newly discovered evidence of prosectorial Misconduct.

## STATEMENT OF RELEVENT FACTS

During the trial the goverment's Case in Chief showed that Movant was placed under investigation for Narcotic trafficing. During the Course of the investigation a Close friend of Movant's agreed to Cooperate and Work under Cover (CHS-1) under the direction of the lead agent CHS-1 introduced a Second under Cover informant CHS-2. CHS-2 had extensive experiance in firearms Investigations and Little or None in drug Conspiracy

Investigations. In order to cover the lack of knowledge
of drug trafficking CHS-2 used the cover of a member
of the Italian Mob whose thing was "Guns" but
upon direction of his boss he was seeking an alternate
supply of drugs because he was not happy with the current
suppliers. Therefore, to enhance his cover, CHS-2 also
requested Movant locate him firearms and instructed
Movant in the "Gun business". The evidence throughout the
investigation demonstrated Movant's lack of understanding
of firearms. Under this Cover prop, Movant was also charged
with 8 counts of firearms violations. The problem here
for the government the obtaining and sales of firearms
involved the supervision of others. Most importantly, supervision
of 5 persons was an essential element of the violation
of 21 U.S.C. section 848. Recently, the Supreme Court in
Rehaif established that on the basis of the alledged
conduct of the section 922(g) violations the government
failed to establish a crime against the United States
therefore, Movant was placed on trial for a Non-offense
and prejudical evidence entered for a Non-offense.


ISSUE TWO


Of equal importance at trial defense Cansel to call
CHS-1 to introduce exculpatory evidence: that he played
the supervisory role not Movant. At first the Court
approved the writ to have CHS-1 brought to testify
for the government. However, the trial was postpone.
Meanwhile, a hearing on a motion to suppress was

held on May 12, 2014. During the suppression hearing defense Counsel solicited testimony from an agent of the government that CHS-1 was named as a gang member in Not one but two gang injunctions by the state of California i.e, "southsiders injunction and Colonia Chiques injunction. Moreover, as a prominent and "ranking" member. See Id at P. 35 and pages 44-45. Most importantly, when defense Counsel attempted to renew the Writ to bring CHS-1 to the trial, the government opposed the Writ and the Court refused to authorize CHS-1's attendance. Also relevant during the trial, defense Counsel attempted to introduce the fact that CHS-1 was named on not one but two gang injunction as a ranking member. But, the government denied that fact see Trial transcript at Page 253 L. 25 "absolutely not".

Movant has obtained through Civil Litigation that the prosecution had CHS-1 removed from the gang injunction to cover not only his supervisory capacity, but the untruthful trial testimony as well. This Now Concealed evidence was a material fact as to whether CHS-1 was acting as a supervisor in the Capacity of a government agent, thus provided exculpatory Evidence of a essential element of the CCE Count.

6

## ARGUMENT

### THE Judgment Must BE Voided AND Movant GIVEN A NEW TRIAL AS A MATTER OF LAW AND IN THE INTEREST OF JUSTICE

## INTRODUCTION

Under the facts of this Case and the instruction of the Supreme Court of the United States as to interpretation of the Laws of Congress, Movant was placed on trial for 8 Counts of Violating Section 922(g) on the Basis of facts that did not Constitute a Crime under that Criminal Statute, thus placed on trial without Subject Matter Jurisdiction. Movant was Judged guilty without the Government Meeting its burden of proof as to every essential element of a Section 922(g) offense. Of No Less importance the Judgment was based on a Verdict by a Jury who was not properly instructed on all elements of the Crime. Therefore, Judgment entered and sentence imposed without Subject Matter Jurisdiction. In Consequence, the Judgment Must be voided and Movant given a New trial on the Section 922(g) Counts as a Matter of Law, providing the Government produces a valid indictment of a Section 922(g) Counts. Moreover, Movant's Judgment of guilty on the remaining Counts, In particular the Violation of 21 U.S.C. Section 848 and the three Counts of Violating 18 U.S.C. Section 924(c) Must be Vacated as well and a New trial Conducted.

This is because: the evidence to prove a "Non offense" purportedly to be 8 violations of section 922(g) was introduced in Error and without authority and was inadmissible under F.R. of evid. 403. In other words, the Supreme Court in <u>Rehaif</u> established that Movant was placed on trial for a non offense without Subject Matter Jurisdiction and unauthorized prejudicial evidence used to Convict Movant of a Crime that Carried mandatory Life plus 55 years. To Even Make this more a fundamental Miscarriage of Justice, the government Compounded that Error with withholding and actively Concealing exculpatory Evidence, and failed to Correct material false Testimony, Therefore, Movant is entitled to a New trial.

I. The Supreme Court Established That Movant WAS Placed on Trial For A NON-offense And Prejudical Evidence used To sentence Him To Mandatory life And 55 years

The Supreme Court in <u>Rehaif v. United states</u>, 139 S.Ct. 2191 (2019) established Movant was placed on trial without Subject Matter Jurisdiction for a NON-offense. That he was denied a fundamentally fair trial, the government not held to it's burden of proof. and a Judgment returned for a NonCrime from a improperly instructed Jury. Moreover, than Can be no assurance the Error did not affect the Judgment of the Jury in all Counts thus, the Judgment Must be Vacated and a New trial granted.

1.) THE Court Lacked Subject Matter Jurisdiction As to The Purported Section 922(g) Counts.

The Fifth Amendment provides that "[N]o person shall be held to answer for a Capitol or otherwise infamous Crime, unless on a presentment or indictment of a grand Jury. Ex parte Brian 121, 121 US. 1 12-13 (1887) [2] overruled on other grounds by United States V. Cotton 535 US. 625, 631 (2002). In other words, for a person to subjected to the Stigma of a Jury trial. A grand Jury determines if there is probable Cause to believe ever element of a Crime against the United States has been Committed thus, a district Court's Limited Jurisdiction established to allow the government to place a person on trial. It should be noted Cotton addressed a situation were all essential elements of the Crime was named in the indictment only a Sentencing factor omitted. Moreover, even when a true Crime is alledged and thus, Jurisdiction is provided under 18 U.S.C. Section 3231 the Jurisdiction is Limited to placing the defendant on trial for a valid offense. Then the introduction of evidence is restricted under the Federal rules of evidence.

---

[2] Brian was overruled in a Limited Capacity by Cotton V. United States. But Movant Maintains and reserves the right to address any Contrary Contention that that Cotton only applied when a Sentencing element was omitted from the indictment and not Challenged before trial. Here a essential element was omitted this, did not Charge an offense.

9

In order for an indictment returned by the grand jury
to be sufficient to envoke the district Court's Jurisdiction
to enforce the government trial rights. The Federal rules
of Criminal procedure 7(C)(1) requires that an indictment
be a plain Concise and definite written statement of
the essential facts Constituting the offense Charged IN
Cotton the facts in the indictment Constituted a Crime
against the United States. But see United States v. Pickett
353 F.3d 62, 67 (D.C. Circuit) finding: a rule 7(C)(1) violation
because the indictment only tracked language of a portion
of the statute and Omitted "language essential to the
definition of the offense." At relevant part an indictment
is not sufficient to state offense against the United States
if it states a material element of the offense see e.g.
United States v. Mc'Gilberry, 480 F.3d 326, 329-30
(5th Cir 2007) Finding indictment Charging possession of
firearm in relation to drug trafficing offense insufficient
because failed to List essential elements of any Criminal
Conduct; See also United States v. Landham, 251 F.3d 1072,
1082 (6th Cir 2001) Finding indictment insufficient because
indictment Omitted 2 of 3 essential elements. Although
an Indictment that tracks the statutory language defining
an offense is sufficient. United States v. Mansaro,
718 F.3d 780, 790 (9th Cir 2013) Finding but mere recitation
of statutory language is acceptable only if all elements
of the Charged Crime are invided in the language.
e.g. See United States v. Mojica-Baez, 229 F.3d
892 309 (1st Cir 2000). Finding indictment tracking statutory
language for Using and Carrying firearm in relation to
a Crime of violence insufficient because it failed to

to set forth element of offense. See also United
States v. Martinez, 800 F.3d 1293, 1295 (11th Cir
2015) Finding indictment deficient because it failed
to alledge Mens Rea element.

In Movant's Case at relevant part to the Section 922(g)
Counts. The indictment merely alledged [Movant] "Knowingly
possessed a firearm [Make model of firearm] in an affecting
interstate Forgion Commerce. In other words, the indictment
limited the Mens Rea to the possession of the firearm
excluding any reference to 18 U.S.C. Section 924(a). On
June 21, 2019, the Supreme Court issued its decision in
Rehaif v. United States 139 S. Ct. 2191 (2019). There Court
established for Conduct to be a Crime against the United
States the government Must prove both that the defendant
had Knowledge of the elements that placed him in the
status of Violating federal Law. In other Words, the
Court explained that the Mens Rea element extended to
inculde that element that placed Movant in Violation
of Federal Law. Although, the ruling in Rehaif addressed
the Knowledge of being in a Class of persons it stands
to reason the Mens Rea Must also extend to the
affect on interstate Commerce the element that
Carrys the Lions Share of federal Jurisdiction. In Consequence,
Movant was placed on trial for Conduct that was not
offense against the United States. Therefore, the Court
had no Lawful Jurisdiction to do so. Most importanthly,
Application to the Exception in Cotton does not Save
the government because there a true offense was alledged

11

thus, providing right to adjudicate, here no true offense was alledged, therefore, the Judgment on the non-offense must be Vacated.

### 2.) THE Government Failed To MEET Its Burden of Proof FOR A CRIME Against The UNITED states

The Government has not proved that Movant Committed a Crime against the United States punishable under a Valid Criminal Statute, Under the due process Clause of the Fifth Amendment, the prosecution must prove beyond a reasonable doudt every element necessary to prove a Crime was Committed against the United States. In re Winship, 397 U.S. 358, 364 (1970). Most importantly here the ommission of an element from Jury instruction of any element that the prosecution must prove beyond a reasonable doudt requires reversal under plain error. In this Case the government did not meet it's burden of proving Mens Rea to all elements required to place Movant in the status of breaking federal law. Moreover, the trial evidence ~~was~~ supported Movant had very limited Knowledge about firearm. Moreover, as supported by the included affidavit, Movant requested his attorney raise ~~~~~ a defense that he had no Knowledge he was in violation of federal law, because he had no ideal the firearms affected interstate Commerce. However, due to the Judicial Communities understanding of

12

Law, Movant's Counsel rejected such a defense. Such
a omission of an essential element and deprived
Movant of a viable defense Cannot be found harmless under
the due process Clause. Because a Criminal defendant
has a due process right to raise a viable defense under
the Correct intrepetation of the Laws of Congress. In
other words, there was error, it was plain and it affected
Movant's substantial rights. Finally, and of the utmost
importance under plain error review, there can be no
intergity, or fairness when a U.S. Citizen is place on
trial for Conduct that is not a Crime against the
United states. Therefore, the error seariously affects the
reputation of Judicial proceedings left uncorrected. Because
(emphasis added) the denial of proper instruction and
abandon of the lack of Knowledge of affect on interstate
Commerrence raises searious Concerns that Movant May
Well have lacked the intent needed to Make his behavior
a Crime against the United states and federal Law.
Moreover, the separation of powers the 10th Amendment
would prevent a prosecution for a state Crime. of
No Less importance whether Knowledge of the affect
of interstate Commerrence is Not a question of Law
a But a question of fact that falls squarely in the
provenience of the Jury. Moreover, the __Cotton__ exception
does not save the government because a true Crime
Was Never alledged or proven beyond a reason doubt
Here, and in __Cotton__, the question was not whether the
indictment stated a valid Crime only whether the ommission
of a sentencing factor negated Subject Matter Jurisdiction

13

Accordingly, Movant has Not been proven beyond a reasonable doubt to have Committed a Crime against the United States. Therefore, the Judgment is Void.

### 3) In Light OF The Fact A Crime Was Not Proven The Court lacked Subject Matter Jurisdiction To Impose Judgment.

As discussed above - even for arguments sake Cotton's did apply - the Now admitted defective indictment only provided the Court with Limited authority to enforce the governments trial rights. The Jurisdiction under 18 U.S.C. Section 3231 is clear; it provides the district Jurisdiction over Crimes against the United states. Therefore, even if a defective allegation of a Crime Can be over looked, because it was not objected to, the real and Valid subject Matter Jurisdiction of the district Court to pronounce Judgment Comes from the government proving a Crime against the United states at relevant part to a properly instructed Jury beyond a reasonable doubt. Such a Contention is evidenced by F.R.C.P. 29 Where a district Court Can over Rule a Jury verdict as a Matter of Law When the government failed to prove a Valid Crime. In this Case Under the instruction of Rehaif the government failed to meet its burden of proof, the Jury did not find all elements of a Crime against the United states. Therefore, the Subject Matter Jurisdiction to Judge Movant guilty of a Crime against the United states Was never established. In Consequence, the Judgment is Void for Lack of Subject Matter Jurisdiction.

14

4) The Entire Judgment Must Be Vacated
Due To The Fact The Unathorized section
922(g) Evidence Affected The Entire Judgment.


As discussed above the government Never properly established
a Valid Crime against the government to place Movant
on trial. Moreover, Never Correct that Error through proving
a Valid Crime beyond a reasonable doubt. Therefore,
the evidence of a purported Crime Was unathorized and
should have Never been submitted to the Jury. Most
importantly, that unathorized evidence prejudice Movant
as to other substantial Counts. Thus, the entire Judgment
Must be Voided under the plain ERROR. Almost a
Century ago the Court in Kotteako v. United States
328 U.S 750 (1946) analyzed what it meant for an
Error to affect substantial rights. In doing so the Court
held that "if one Cannot say With fair assurance, after
pondering all that happened without stripping the erroneous
actions from the whole, that the Judgment Was not sub-
stantially Swayed by the Error, it is impossible to Conclude
that substantial rights Were not affected" Kotteako, 328
U.S. at 765. In this Case, the government's entire section
922(g) evidence Was the fruit of a CHS' Cover story that
"his things Were guns." So While your locating Me large Quantites
of drugs bring Me Some guns. In this Circumstance, the
act of "bringing Me Some guns" the unathorized evidence
infringed on the element of the CCE Count of Supervision
and the section 924(c) Counts. Therefore, there is No

15

fair assurance that the error of introduction of that evidence did not sway the Judgment on the "CCE" Count and/or the section 924(c) Count. Therefore, under the plain Error the entire Judgment of the Jury Must be vacated and a New trial given.

5.) The Plain ERROR Established Here is Not Subject to procedural Restraints

Because this is essentially an argument of Actual Innocence and a Challenge to subject Matter Jurisdiction on the section 922(g) Counts to impose Judgment any procedural defense Must yield. Under F.R.C.P. 12 a defendant should bring all motions to dismiss an indictment before trial begins. However, Challenges to the Court's subject Matter Jurisdiction to impose Judgment, including claims that the indictment fails to state an offense May be brought at any time. See United States v. Cotton, 625, 630 (2002). In Cotton the Court provided an exception to an Waived Challenge to a defective indictment, but emphasized a Challenge of failure to state an offense all together, thus, subject Matter Jurisdiction Cannot be Waived and such error Must be Corrected. See United States V. Aguilera-RIOS 769 F.3d 626, 630 (9th Cir 2014) and United States V. Jacobo Castillo, 496 F.3d 947, 952 (9th Cir 2007) After Cotton upholding a belated subject Matter Jurisdiction Challenge is Not Waivable, In Aguilera-Rios, a Good Cause for belated Challenge because New Case-Law. In this Case Movant raises his Challenge and Motion for a New trial after the Supreme Court established the Error, after trial

16

and the Appeal. - Although Movant has also filed a motion
to recall the Mandate on similar grounds.

Of equal importantance is the fact the Supreme Court
has recognized in several different contexts that it is
an unacceptable deviation from our fundamental System
of Justice to automaticly prevent the assertion of [fund-
amental unjust incarceration] simply because a defendant
has not observed procedural avenues available to him.
In Engle v. Isacc, 456 U.S. 107, 135 (1982) the Supreme
Court said that since Concepts of Cause and prejudice
are not rigid, but "take their meaning from principles
of Comity and finality ... in appropriate cases these
principles Must yield to the imperative of Correcting a
fundamental unjust incarceration ... We are Confident
that victims of a fundamental Miscarrage of Justice [a
Judgment imposed without Jurisdiction] will met the [exception]
Id. In Murray v. Carrier, 477 U.S. 478, 496 (1985) the
Court, although Cautioning that it would not always be
true, instructed that "where a Constitutional violation
has probly resulted in the Conviction of one who is actually
innocent, a federal Court May grant [relief] even in the
absence of a showing of Cause for procedural default."
While recognizing that the [] exception does not translate
easily into sentencing phase of a Capitol trial, the
Supreme Court has applied it there. see Dugger v. Adams
489 U.S. 401 (1989) and Smith v. Murrey, 477 U.S. 527,
537 (1986). The Court has not applied procedural exception
in Non Capitol sentencing, but it did imply actual Innocence

17

exception May apply to Non-Capital Sentencing.
Smith v. Murray, @ 477 US. at 538-3 T. Appeals
Courts have agreed and applied exception in Non-
Capital Cases. e.g. see Mills v. Jordan, 979 F.2d 1273,
1279 (7th Cir 1992) "Actual innocence exception applies
to habitual offender proceedings... whether or not they
involve possible Capital punishments" Jones v. Arkansas,
929 F.2d 375, 381 and N.16 (8th Cir 1991) "defendant's
Claim that he sentenced under habitual offender statute
that did not apply to him Came within actual innocence
exception to procedural rule"; Smith v. Collins, 977 F.2d
951, 959 (5th Cir 1992) assuming, without deciding, that
actual Innocence exception applies to Non-Capital Sentencing
procedures. Most recently, see Gilbert v. United States,
609 F.3d 1159 (11th Cir 2010). In other Words, substantial
Supreme Court and appeals Court precedent establishes and
supports a Claim of Actual Innocence and fundamental
unjust incarceration trumps any procedural defense or
Concern. Here Movant Was Never proven guilty beyond
a reasonable doubt to a Crime against the United
States thus, any procedural defense Must yield.


In Conclusion, Issue one standing alone Warrants vacating
the Judgment and Convening a new trial.

18

## II  NEWLY DISCOVERED EVIDENCE OF PROSECUTORIAL MISCONDUCT WARRANTS A NEW TRIAL.

Notwithstanding the Lack of Subject Matter Jurisdiction. Movant has recently - within three years - through Civil Litigation discovered New evidence of prosecutorial Misconduct, i.e, the government withheld and concealed exculpatory Evidence and failed to Correct Material false Testimony. Under the totality and the facts of this Case Warrants a New trial. The FiFTH Amendment requires the government to disclose specific types of evidence to the defendant. IN Brady V. Maryland, the Court held that due process requires the prosecution to disclose upon request, evidence favorable to accused person When such evidence is Material to guilt or punishment. 373 U.S. 83, 87 (1963). The Court in United States V. Bagley, 423 U.S. 667, 682 (1985) extended that due process right to evidence not requested see also Kyles V. Whitley, 514 US. 419, 433 (1995) reinforcing that due process Right. A so Called Brady Violation occurs When (1) evidence is favorable to the accused because it is exculpatory or impeaching. (2) evidence Was suppressed by the prosecution either Willfully or inadvertently; and (3) prejudice ensued. See Strickler V. Greene, 527 US. 263, 281-82 (1999) See also Cone V. Bell, 556 U.S. 449, 469 (2009). Favorable evidence is "Material" if there is a reasonable probability that disclosure of evidence Would have Change the outcome of the proceeding. A "reasonable probability" under Bagley is a probability sufficient to Undermine Confidence in the outcome.

In _Kyles v. Whitley,_ @ 434-435 the Court explained
"the question is not whether the defendant would more
likely than not have recieved a different Verdict with
the [concealed] evidence but whether in it's absence,
he recieved a fair trial, Understood as a trial Worthy
of Confidence. In addition to duty to disclose Material
evidence, a proseator may not Knowingly present false
testimony and has a duty to Correct testimony they
Know to be false. See _Napve v. Ill,_ 360 U.S. 264,
269 (1959); and _Gigho v. United States,_ 450 U.S. 150,
152-55

In this Case defense requested and was granted a writ
to bring a CI to testify to present exculpatory evidence,
i.e., that the CI was acting in a supervisory Capriedaty.
A fact that was Componded by the fact he was responsible
for getting firearms the second CI Requested as part
of his Cover "My thing is guns". However, during a
Suspension hearing and after the trial Was Continued,
Defense Counsel introduced the fact the CI in question
was listed in not one but two gang injunctions as
a leader. A government agent Admitted such—see facts
above—. However, when defense Counsel Attempted to
renew it's request for a writ, the government objected.
Moreover, the Court upheld the objection and denied
the writ. During trial, defense Counsel attempted to
introduce the fact that the CI was named in the
injunction, but the government agent denied that
fact "absolutely not".

20

Movant Now has New evidence, that once the government was placed on notice of the documented Leadership Role, it examined its authority and had the CI removed from the injunction and then testified falsely to that Material fact during the trial.

The evidence was Material because it could have provided exculpatory evidence as to the essential element of a violation under 21 U.S.C. section 848 i.e, Movant supervised 5 people. The evidence would have disclosed that Movant had no experience and/or contacts to provide guns, that CHS-I was actually providing the firearms from a second gang and separating individuals to get the guns to CHS-II. In other words, Movant did Not supervise the people CHS-I did. Thus, Movant was innocent of an essential element of the section 848 violation. However, when the government was placed on notice of the exculpatory value of that outing in the injunction, it removed the CI and then testified falsely to conceal the highly exculpatory evidence. Accordingly, there can be no confidence in a trial where conduct as this occurs. Thus, Movant should be granted a New trial, in the least granted an evidentiary hearing to develope the prosecutorial misconduct, on this issue alone

## III. The Cumulative Effect Of These Two Violation Warrants A New Trial

Each one of these Violations standing alone warrants a New Trial. Moreover, the cumulative effect of the Plain Error and prosectorial Misconduct warrants a New trial In this Case. First the government placed Movant on trial without authority for what the Supreme Court has established was a Non-offense. Thus, entered prejudicial unauthorized evidence to support a CHS' Cover. Then concealed exculpatory evidence of a essential element of an offense that carried Mandatory life. Finally imposed Judgment without subject Matter Jurisdiction on Non-offenses. Accordingly, under the Cumulative effect of these offenses the Judgment Must be Vacated.

Respectfully submitted on this ___18___ day of ___oct___, 2020

Luis Manuel Tapia
Reg No. _____
P.O. Box 26030
Beaumont, TX 77720

20

## CERTIFICATE OF SERVICE

The undersigned hereby Certifies that the following people was served via U.S. Mail properly addressed and postage prepaid.

executed on this ___18___ day of ___OCT___, 2020

Luis Manvel Tapia.

cc: Marilyn E. Bednarski
    (defense Counsel)
    234 East Colorado Blvd.
    Suite 230
    Pasadena Ca. 91101


cc. Cameron C. Schroeder
    312 North Spring St, 12 Floor
    Los Angeles CA. 90012


23

UNITED STATES DISTRICT COURT
THE CENTRAL DISTRICT OF CALIFORNIA

LUIS Manuel Tapia,
                    Defendant / Movant,        CR-11-01068-ODW-1

        - VS -

UNITED STATES OF AMERICA,
                    Plaintiff / Respondent

---

Defendant's AFFIDAVIT IN SUPPORT OF NEW TRIAL

AFFIDAVIT

Comes Now, Luis Manuel Tapia, the defendant in the Above referenced Criminal Case [herein after Affiant] and swears to the following under penalty of perjury.

1.) I was (affiant Was) the Criminal defendant in Criminal NO. CR-11-01068 in the Central District of California.

2) Attorney Marilyn E. Bednarski Was appointed to represent affiant in the Mention Criminal matter.

3.) After I Was placed under arrest for alledged Narcotics ~~investigat~~ violations by the federal government a friend of Mine agreed to Cooperate With the government herein refered to as CHS-I. CHS-I introduced Me to another Person who I Later Was also working for the government hereinafter CHS-II

1

4.) CHS-II requested me to find him firearms. However I had no knowledge of any firearms or where to locate any firearms.

5.) CHS-I was a member of a gang and played a leadership role, CHH-I informed me "I got you". He would bring me guns and/or instruct persons to bring me guns to sale to CHS-II.

6.) I had no knowledge the guns provided had any affect on interstate commerce or that I was in the status of violating federal law handling and saling those gun to CHS-II that CHS-I provided.

7.) I was arrested and convicted for saling and possessing the firearms CHS-I provided to me for CHS-II.

8.) During my meeting with my attorney in regard to the criminal case mention, I informed my counsel I had not known I was in the status of violating federal law, that I was innocent of that by knowledge of being guilty. However, counsel informed me that a lack of a guilty mind was no defense because the government did not have to prove that I knew what I was doing was against the law.

9.) I informed Counsel that I was not supervising the people alledged, that CHS-I was the one supervising the people, that, he played a Leadership role in two different gangs. Moreover, he was named in two gang injunctions.

10.) My Counsel confirmed that CHS-I was indeed a gang member named in two injunctions. Thus, she submitted a request for a writ to have CHS-I appear and testify at my trial. At first the Judge approved the writ. However, My trial was post-poned to address a Motion to Supress.

11.) During the Motion to Supress the government's agent admitted under oath that CHS-I was named in Two gang injunctions.

12.) After the Supressing hearing My Counsel submitted a Motion to renew the writ to have CHS-I Appear and testify. However, the government opposed the writ and being made aware of the fact CHS-I was named in the gang injunction. The Judge denied the writ.

13.) At trial the government agent denied the fact CHS-I had been named in the gang injunction.

3

14.) Subsequent to my trial within the last year, through
Civil Litigation, I have obtained evidence that the
government exercised it's authority to have CHS-I removed
from the state gang Injunction. Then testified falsely
at my trial to conceal that fact.

15.) Had I known that lack of knowledge of being in
the status of breaking Federal Law was required to be
guilty to a violation of section 922(g) of the
Criminal Code I would have raised that defense
at trial.

16.) I am innocent of a violation of 18 U.S.C. section
922(g) of the Criminal Code.